R. MEANS et al. *v.* HYDE & MACKIE.

This case presents simply a question of fact.

APPEAL from the Fourth District Court of New Orleans, *Theard,* J. J. Ad. Rozier, for appellees. *Buchanan & Gilmore,* for appellants.

HOWELL, J. Plaintiffs allege that they are the owners of three certain lots of ground, in McDonoghville, Parish of Orleans, right bank of the Mississippi River, having a front on said river of about 120 feet, on which they conducted the business of blacksmithing, the repairing and manufacturing of boilers, and speculating in wrecked and damaged vessels; and for which purposes they required the constant and uninterrupted use of their premises fronting on the river ; that the defendants, a commercial firm, own property near theirs, separated therefrom by Market street, and have built on the whole width of said street a wharf, which (since September, 1860, and up to filing this suit, April 8th, 1861) covers a portion of plaintiffs' land and is occupied by defendants, thus obstructing and interfering with plaintiffs' business, by which they have suffered damages to

the amount of $5,000.   They pray, in general terms, for the possession of their property and said amount as damages.

Defendants pleaded the general denial.  Judgment was rendered against them for the possession sought and $1,500 damages, and they appealed.

It is shown that, in 1846 and 1849, plaintiffs bought three lots of ground fronting on Market street, in McDonoghville, and that, by the caving in of the bank, they eventually obtained, along the side of their property, an angular and oblique front on the river ; that, in 1860, defendants built a wharf at the end of and on Market street, for the purposes of their dry-dock business, and in the progress thereof obstructed plaintiffs' business at times, by mooring vessels along their front ; but the only instances in which actual damage is shown, the loss to plaintiffs amounted to one hundred dollars.

Several witnesses state that,  at different times, defendants kept vessels moored along the front  of plaintiffs' property, and that boats could not then approach plaintiffs' shop for repairs without moving said vessels; but they do not say that any boats  made an effort and were actually prevented from doing so, except in the instances above referred to.   They state, besides, that plaintiffs themselves had vessels there during some of these occasions, and they do  not distinguish between them, so as to enable the Court to determine the extent of  the obstructions thus caused by defendants.    And in addition to this, the data as to the amount of work, busisiness or profits, of which plaintiffs are deprived, if any, beyond what we have stated, are not  furnished with any accuracy. The amounts mentioned by one or two witnesses are merely conjectural, and  not such as to warrant an estimate for a judgment.

It is shown that the  wharf  erected  by defendants encroaches, at one corner thereof, upon  plaintiffs' land ; but it is also shown that the defendants were, at one time, about to remove that portion, when plaintiffs objected; and it  is shown that the  latter  have been in the habit of making use of the wharf.    But  as they are not bound to allow this private wharf to remain  permanently on their land, they have the right to have it removed, and the  possession of  that portion of  the land restored to them, upon giving reasonable notice, which it appears they have done.

It is therefore ordered  that the  judgment appealed from be amended, so as to reduce the amount of damages awarded from $1,500 to $100; and that, as thus amended, it be affirmed ; defendants to pay the costs of the lower Court, and plaintiffs those of appeal.